**ESTATE OF Timothy F. BELEW by the personal representative, Claude T. BELEW, Claude T. Belew, Individually, Trudy D. Belew, Individually**

v.

**Travers B. RUPPERT, Jr., Individually and as Washington County Sheriff's Department Deputy, Board of County Commissioners of Washington County, Glenn L. Bowman, Individually and as former Sheriff of the Washington County Sheriff's Department.**

Civ. No. S 87–369.

United States District Court,
D. Maryland.

Sept. 13, 1988.

Arthur Schneider, Day & Schneider, P.A., Hagerstown, Md., for plaintiffs.

Nelson W. Rupp, Jr., Jayson L. Spiegel, Jordan Coyne Savits & Lopata, Rockville, Md., for defendants.

### MEMORANDUM

SMALKIN, District Judge.

This matter is before the Court on the defendant's supplemented motion for partial summary judgment, which has been converted, by the supplementation, to a motion for summary judgment on all claims. The plaintiffs have opposed the motion, as supplemented. No oral hearing is necessary. Local Rule 6, D. Md.

The undisputed material facts in this case show that while defendant Deputy Ruppert was attempting to arouse the decedent, Mr. Belew, from a drunken stupor on a parking lot, the decedent struggled with the deputy, somehow getting hold of Deputy Ruppert's night stick. Once he had the night stick, Belew raised it over his head and relentlessly advanced on Deputy Ruppert, with the stick upraised in a threatening position, ignoring Ruppert's repeated pleas to stop. Ruppert expressly warned the decedent several times that if he did not stop, he would be shot. Nonetheless, the decedent kept advancing on Deputy Ruppert until Ruppert, in fact, shot and killed him. There is no dispute as to these facts, which are made out by the depositions of Deputy Ruppert and two disinterested bystander witnesses, Mr. Zimmerman and Mr. Wolfe. (Additionally, there is expert evidence that the shots that struck Belew were fired from between two and six feet away, thereby establishing the proximity of Belew to Ruppert when the latter shot the former.)

The undisputed facts show, as a matter of law, that defendant Ruppert was justified in his use of deadly force against the decedent, Mr. Belew. Belew had forcibly resisted arrest and had disarmed a police officer of one of his weapons. Belew was advancing upon Ruppert with an upraised night stick, a weapon capable of inflicting serious injury or even death. Under all the circumstances, the officer reasonably could, and did, fear for his life, and his use of deadly force to protect himself was entirely justified. *See Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), as cited and applied in *Cuffee v. Armstrong*, 849 F.2d 604 (4th Cir.1988).[1,2] The fact that some lesser application of force or some other action by Ruppert might now be seen as preferable by plaintiff's law enforcement expert is immaterial to the question of whether the use of deadly force in these actual circumstances violated the decedent's constitutional rights. Because the undisputed record clearly demonstrates that it did not, summary judgment is appropriate. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).[3] In this regard, it is the Supreme Court, not plaintiff's expert, which is entitled to, and which has, set the applicable standard of police conduct.

### ORDER AND JUDGMENT

For the reasons stated in the foregoing Memorandum, IT IS, this 13th day of September, 1988, by the Court, ORDERED and ADJUDGED:

1. That defendants' motion for summary judgment, as supplemented, BE, and the same hereby IS, GRANTED;

2. That judgment BE, and the same hereby IS, entered in favor of defendants, against the plaintiffs, on all remaining claims.

---

1. Although *Cuffee v. Armstrong* is unpublished and, hence, not itself of any precedential value, this Court completely agrees with Cuffee's analysis and application of *Tennessee v. Garner*, and this Court is convinced that, were this question again before the Fourth Circuit, the same result would be reached.

2. Plaintiff's attempt to distinguish the facts in this case from those in Cuffee is unconvincing. The fear of each state actor was real and justified by the criminal conduct of the decedent, from both subjective and objective viewpoints; knives and night sticks are both weapons capable of killing.

3. Because all of plaintiff's remaining claims depend upon the notion that Ruppert improperly used deadly force, a notion that has not survived summary judgment, defendants are entitled to summary judgment on all remaining claims.